Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Bobbs, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>E. A. Renfroe & Company, Inc.,<br><br>    Defendant. | Case No. __'21CV1326 JLS  AGS__<br><br>**COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Patricia Bobbs ("Plaintiff" and/or "Bobbs"), on behalf of herself and all

others similarly situated, hereby files this Complaint against Defendant

E. A. Renfroe & Company, Inc. ("E.A. Renfroe" and/or "Defendant"), showing in support as

follows:

- 1 -                    Case No. _____
                              Original Complaint

# I.    INTRODUCTION AND NATURE OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.    This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order, Cal. Labor Code § 2802 (Failure to Reimburse for Necessary Expenditures); Cal. Labor Code §§ 226.7, 512 and Cal. Wage Order No. 4-2001, § 11 (Meal Breaks); Cal. Labor Code §§ 510, 1194, 1771, and 1774 (Overtime Provisions); Cal. Labor Code § 226 (Wage Statement Provisions); Cal. Labor Code §§ 226, 1174, and 1174.5 (Record Keeping); and Cal. Labor Code §§ 201, 202, and 203 (Wage Payment Provisions) (collectively, "California State Law") for Defendant's violations of California State Law.

3.    According to its website, Defendant E.A. Renfroe is a "full-service staffing and project management company with thousands of employees throughout the United States."[1]  Defendant E.A. Renfroe provides "claim handling and support services, built to scale, and customized to serve insurance companies, self-insured corporations, and governmental entities."[2]

4.    Plaintiff was an hourly-paid, non-exempt adjuster employee of Defendant who worked remotely handling insurance claims on behalf of Defendant's clients. Plaintiff and

---

[1]    E.A. Renfroe & Company, *About Us*, https://www.earenfroe.com/company/about-us, last accessed June 30, 2021.

[2]    *Id.*

similarly situated adjusters were paid for their work by the hour. When they worked over eight hours in a day and/or forty hours in a workweek, which happened frequently, Plaintiff and similarly situated adjusters were eligible to receive overtime wages. However, Defendant did not pay Plaintiff and other similarly situated adjusters for all overtime hours worked, as defined under the FLSA and California labor laws.

5.      Defendant's policies and/or practices with regard to Plaintiff and similarly situated adjusters violated the FLSA and California labor laws. Defendant typically required its adjuster employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties that were an "integral part of [her] principal activity" pursuant to 29 C.F.R. § 553.221, including communications and correspondence with other employees and customers, reviewing claims, collecting information regarding property damage via a remote platform, and completing reports and paperwork. The time that Plaintiff and similarly situated adjusters spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

6.      In weeks when Plaintiff and similarly situated adjusters worked more than eight hours in a day and/or forty hours in a workweek (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207, and related California labor laws.  Moreover, Defendant failed to completely relieve Plaintiff and similarly situated adjusters of duties during their mandatory one-hour meal break in violation of 29 U.S.C. § 785.19. Plaintiff and similarly situated adjusters typically only took a 30-minute meal break, but Defendant automatically deducted a full hour each day as an unpaid meal break.

7.      Defendant's policies and/or practices with regard to meal breaks also violated other relevant laws of the State of California. Defendant failed to fully relieve Plaintiff and similarly situated adjusters during requisite meal breaks as required under state law.

8.      As a result of Defendant's policies and/or practices with regard to uncompensated "off-the-clock" work and meal breaks, Defendant failed to pay the putative California Class Action Members all wages due to them during their employment with Defendant and at the time of Plaintiff's separation from the company. Defendant also failed to provide the California Class Members with accurate, itemized wage statements in violation of Cal. Labor Code § 226, and failed to pay all wages due at the time of termination in violation of Cal. Labor Code § 203.  Finally, Defendant failed to reimburse the Plaintiff and putative California Class Action Members for expenses related to completing work for Defendant.

9.      Plaintiff seeks all damages available under federal and California law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.    THE PARTIES

**A.    Plaintiff Patricia Bobbs**

10.     Bobbs is an individual currently residing in Pennington County, South Dakota. She has standing to file this lawsuit.

11.     Bobbs was an adjuster employee of Defendant, who worked remotely from her home in San Diego County, California. She was employed beginning on or about April 2020 through approximately July 2020.

Case No. _____

Original Complaint

12.     Bobbs' consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit 1.

**B.    Putative California Class Action Members**

13.     Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent four proposed classes of California Class Action Members composed of and defined as follows:

All current and former non-exempt, hourly-paid adjuster employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were:

Denied overtime compensation for time spent completing mandatory pre- and post-shift work off-the-clock without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

Denied compensation due to Defendant's failure to provide meal breaks, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Meal Break Class Members");

Denied reimbursement for expenditures that were necessary to carry out job duties for Defendant (the putative "Unreimbursed Expenses Class Members"); and

Denied all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

14.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

15.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

Case No.
Original Complaint

**C.      Putative Collective Action Members**

16.      Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid adjuster employees who worked for Defendant nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

17.      Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

18.      Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**D.      Defendant E.A. Renfroe & Company, Inc.**

19.      Defendant E.A. Renfroe is a corporation organized under the laws of the state of Georgia that does business in California.

20.      Defendant E.A. Renfroe may be served with process through its registered agent, CSC-Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833-3505.

21.      At all times relevant to this lawsuit, E.A. Renfroe has been an "enterprise engaged in commerce" as defined by the FLSA.

22.    At all times relevant to this lawsuit, E.A. Renfroe employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

23.    At all times relevant to this lawsuit, E.A. Renfroe has had gross operating revenues or business volume in excess of $500,000.

### III.    JURISDICTION AND VENUE

24.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

25.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

26.    The United States District Court for the Southern District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

27.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

28.    Plaintiff worked for Defendant as a non-exempt, hourly-paid adjuster employee, providing insurance claims handling services on behalf of Defendant's customers. Specifically, Plaintiff collected data, assessed property losses, and made recommendations as to coverage on tornado damage in Chattanooga, Tennessee.

Case No.
Original Complaint

29.     Defendant employs thousands of adjuster employees across the country, many of whom work in the State of California.

30.     All of the putative Class and Collective Action Members were similarly classified as non-exempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiff.

31.     Plaintiff worked for Defendant from her home office in San Diego County, California beginning on or about April 2020 through approximately July 2020.

32.     For virtually all workweeks, Plaintiff worked more than forty hours in those workweeks, or more than eight hours in any given workday.

33.     Plaintiff did not receive all of the compensation she was entitled to when she was required to work over forty hours in a given workweek or over eight hours in a specific day for Defendant, because Defendant frequently refused to pay her for all assigned work which resulted and required over eight hours of work in a day, often leaving three (3) hours per day or more of uncompensated work.

34.     Specifically, Plaintiff was assigned approximately 30 claims per day. In order to manage her workload, Plaintiff typically worked 98 hours each seven-day workweek. Plaintiff was required to bill per activity she performed, as it relates to claims assigned to her by Defendant. Plaintiff provided her billable time as a timesheet to her team lead each week, which was then submitted as an invoice to the insurance company (*i.e.*, clients of E.A. Renfroe).  The timesheet was submitted each weekweek with the exact same number of hours worked—11 hours of work each day for seven days of work.  This pay practice is problematic, and results in liability against Defendant, because Plaintiff's billable time does not fully encompass her actual work time. In fact, Defendant's formal policy and/or practice

Case No.

Original Complaint

was that Plaintiff and other similarly situated employees only be compensated for three hours of overtime per day at one and one-half times their regular rate of pay, notwithstanding overtime work performed beyond the hours reported and Defendant's actual and/or constructive knowledge of said work.

35.     When Plaintiff and similarly situated adjusters worked over forty hours in a workweek or more than eight hours in a day, which happened frequently, they were eligible to receive overtime wages. Because she and the putative class and collective action members are hourly paid, no exemptions from overtime pay can apply.

36.     However, Defendant typically requires its adjuster employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties before and after her shift had ended, including communications and correspondence with other employees and customers, reviewing claims, collecting information regarding property damage via a remote platform, and completing reports and paperwork. The time that Plaintiff and similarly situated adjusters spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

37.     Defendant's failure to fully compensate Plaintiff and similarly situated adjusters for work they performed "off-the-clock" resulted in overtime violations.

38.     For instance, on average Plaintiff earned 56 hours of pay at her regular rate of pay of $36.38 per hour, plus 21 hours of pay at her overtime rate of $54.57 per hour, for a total of $3,183.25 per week.  Defendant generally paid Plaintiff for 56 hours per week (or eight hours of work for each individual day) over a total of seven days, and an additional three hours of overtime for each of the seven work days.

Case No.
Original Complaint

39.    The total number of hours that Plaintiff actually worked each week totaled at least 98 hours.  However, Defendant capped Plaintiff's work day at 11 hours total for each of the seven days she worked per workweek.  The estimated $3,183.25 per week that Plaintiff was paid does not include all premium overtime pay worked under the FLSA and California law, nor does the compensation include double time pay required under California law.

40.    Plaintiff frequently worked more than twelve hours per day and worked in excess of eight hours on the seventh consecutive day of work in a workweek.  On average, Plaintiff worked 14 hours per day for seven consecutive days.  Under the applicable provisions of the California Labor Code[3], on average, Plaintiff would have been entitled to 6 hours of overtime each day, with 2 hours of that being due at an overtime rate of double her regular rate of pay. Accordingly, for that single day, Plaintiff is owed additional overtime pay totaling $200.09; 4 hours at her standard overtime rate of $54.57 and 2 hours at her double overtime rate of $72.76, less the $163.71 that was typically paid to Plaintiff for 3 hours of overtime in a single day at her standard rate of $54.57.

---

[3] California Department of Industrial Relations, *Overtime*, https://www.dir.ca.gov/dlse/faq_overtime.htm, last accessed July 19, 2021.

An employee who works beyond eight hours in any workday or more than six days in any workweek must be compensated as follows under California state law:

1.  One and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and

2.  Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

Case No. _____
Original Complaint

41.    Additionally, on the seventh consecutive day of work in a workweek, Plaintiff was entitled eight hours of overtime pay, plus twice her regular rate of pay for any hours worked in excess of eight hours. Accordingly, for that single day, Plaintiff is owed additional overtime pay totaling $709.41; 8 hours at her standard overtime rate of $54.57 and 6 hours at her double time rate of $72.76, less the $163.71 that was typically paid to Plaintiff for 3 hours of overtime in a single day at her standard rate of $54.57.

42.    Plaintiff alleges that this extra, uncompensated and/or undercompensated time frequently totaled at least an additional three (3) to six (6) hours of work per day, if not more.

43.    Now, as the result of Defendant's failure to pay for time worked "off-the-clock," Plaintiff is entitled not only to her back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees, costs and other damages permissible under the FLSA and California labor laws.

44.    Such overtime violations were not limited to this particular pay period, but occurred regularly throughout Plaintiff's tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective and Class Action Members.

45.    On information and belief, this policy or practice of Defendant wherein Plaintiff's hours were capped each day, and Defendant failed to pay for mandatory pre- and post-liminary work performed "off-the-clock" was uniformly and consistently applicable to all of its adjuster employees across the country.

46.    The above-described mandatory work time completed "off-the-clock" was not included in Plaintiff's and putative Class and Collective Action Members' itemized wage statements.

47.     Defendant willfully did not pay Plaintiff and putative Class and Collective Action Members the sums due pursuant to work performed "off-the-clock" at the time of their separation from employment with Defendant.

48.     Defendant either knew or should have known that Plaintiff was required to work "off-the-clock." Defendant knew that the number of hours it billed its customers exceeded the actual number of hours paid to its adjusters for the very same work.

49.     Frequently, Defendant expected its adjusters, including Plaintiff, to work through meal breaks. As a result, Plaintiff did not receive meal breaks required by the California Labor Code and FLSA.

50.     Defendant did not pay any statutorily-prescribed penalty for its failure to relieve its workers during mandatory meal breaks.

51.     On information and belief, this failure to provide all meal breaks required by state law applied to all non-exempt, hourly-paid adjuster employees of Defendant. Because of this policy and/or practice, Defendant failed to pay Plaintiff and relevant putative Class and Collective Action Members all wages to which they were entitled by law.

52.     Defendant willfully failed to pay Plaintiff and relevant putative Class and Collective Action Members the sums due pursuant to uncompensated or undercompensated meal breaks at the time of their separation from employment with Defendant.

53.     Defendant intentionally and/or willfully failed to pay Plaintiff and putative Class and Collective Action Members all wages owed in violation of the FLSA and relevant state laws.

Case No.
Original Complaint

## V.    FLSA CLAIMS FOR OVERTIME PAY

54.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.    FLSA Coverage**

55.    All conditions precedent to this suit, if any, have been fulfilled.

56.    At all times relevant to this lawsuit, Defendant is/was eligible and a covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

57.    At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

58.    At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

59.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.    FLSA Allegations**

60.    The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid adjuster employees of Defendant at locations across the country.

61.    At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

62.     On information and belief, thousands of hourly-paid adjuster employees worked for Defendant in connection with its claims handling services during the three years preceding the filing of this action.

63.     During the relevant time period, Plaintiff and the putative Collective Action Members performed uncompensated and/or undercompensated work as required by Defendant before and after their shifts began.

64.     Defendant's requirement that Plaintiff perform work "off-the-clock" without compensation violated the FLSA's overtime provisions. 29 U.S.C. § 207.

65.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action Members were required to complete "off-the-clock," Defendant has failed to keep accurate records pursuant to the foregoing requirements.

C.    **Collective Action Allegations**

66.     Plaintiff seeks to bring her claims under the FLSA on behalf of herself and all other non-exempt, hourly-paid adjuster employees who were required to complete mandatory

pre- and post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

67.    Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with about 10-15 other non-exempt hourly-paid adjuster employees on her team who similarly did not receive compensation for all time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of her co-workers. There were multiple teams of the same size assigned to the tornado damage claims for which Plaintiff worked on behalf of Defendant.

68.    The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis to provide claims handling services on behalf of Defendant as employees, and not receiving full compensation for required work performed outside of scheduled shifts.

69.    The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

70.    Defendant's failure to pay overtime compensation in connection with mandatory pre- and post-liminary work results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

71.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

72.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

73.     Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid adjuster employees who worked at any location nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

## VI.    CALIFORNIA STATE LAW CLAIMS

74.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.    Controlling California State Law and Allegations**

75.     California law requires payment of overtime wages to all non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

76.     Plaintiff and putative California Class Members frequently worked in excess of eight hours in a day or forty hours in a week.

77.     Defendant's policy or practice of requiring that Plaintiff and the putative California Class Members complete mandatory tasks before and after their shifts, while only

being compensated for hours encompassed by the scheduled shift, resulted in a failure to pay all overtime wages owed under California State Law.

78.    Plaintiff routinely works and has worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which she was relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

79.    Defendant did not pay the mandatory penalty when it failed to relieve Plaintiff of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).  As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

80.    California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

81.    Defendant's scheme to withhold payment for mandatory tasks completed before and after compensated shifts and its failure to provide compliant meal breaks resulted in retention of wages to be paid to Plaintiff and the putative California Class after their employment with Defendant ended.

82.     Because Plaintiff and the putative California Class were employees of Defendant, its retention of money owed to them after their employment with Defendant ended was a violation of California State Law.

83.     Furthermore, California Labor Code § 226(a) requires employers to furnish employees with itemized wage statements including, *inter alia*, an accurate depiction of all hours worked.

84.     Defendant's requirement that Plaintiff and the putative California Class complete mandatory tasks before and after compensated shifts without pay and its failure to provide compliant meal breaks resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

85.     Finally, California law requires that an employee be reimbursed for necessary expenditures utilized to perform work on behalf of the employer. Cal. Labor Code § 2802. Defendant failed to reimburse Plaintiff for the estimated $70.00 per week in expenses.

**B.     Class Action Allegations**

86.     Plaintiff brings her claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

87.     <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable.

Case No.

Original Complaint

88.    <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.    Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA");

b.    Whether Defendant maintained a policy or practice of failing to pay the California Class for time spent completing mandatory pre- and post-liminary duties in violation of California law and resulting in overtime violations;

c.    Whether Defendant maintained a policy or practice of failing to provide meal breaks as required by California law;

d.    Whether Defendant maintained a policy or practice of failing to reimburse necessary expenditures incurred by employees as required by California law;

e.    Whether Defendant unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of California law;

f.    Whether Defendant's policy or practice of failing to pay the putative California Class all wages due immediately upon discharge violates the California law;

g.    Whether Defendant's policy or practice of failing to pay the putative California Class all wages due within the time required by law after their employment ends violates California law; and

h.      The proper measure of damages sustained by the putative California

Class.

89.     Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of

the putative California Class. Plaintiff, like other California Class Members, was subjected to

Defendant's policy or practice of refusing to pay wages for completion of mandatory pre-

and post-liminary work and failure to comply with relevant state laws regarding meal breaks

and reimbursable expenses in violation of California law. Plaintiff's job duties and claims are

typical of those of the putative California Class.

90.     Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately

represent and protect the interests of the putative California Class.

91.     Adequacy of counsel (FED. R. CIV. P. 23(g)) – Plaintiff has retained counsel

competent and experienced in complex class actions, the FLSA, and state labor and

employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of

non-exempt employees asserting off-the-clock claims under the FLSA and state law.

Plaintiff's counsel intends to commit the necessary resources to prosecute this action

vigorously for the benefit of all of the putative California Class.

92.     Class certification of the California State Law claims is appropriate pursuant

to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds

generally applicable to the putative California Class, making appropriate declaratory and

injunctive relief with respect to Plaintiff and the putative California Class as a whole.

Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to

pay wages for completion of mandatory pre- and post-liminary work to its employees, and

Defendant's refusal to comply with state law regarding meal breaks and reimbursable expenses in violation of California law.

93.     <u>Predominance and superiority</u> (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative California Class. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

94.     <u>Notice</u> (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

95.     Plaintiff proposes that the four classes to be certified be defined as:

All current and former non-exempt, hourly-paid adjuster employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were:

Denied overtime compensation for time spent completing mandatory pre- and post-shift work off-the-clock without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

Denied compensation due to Defendant's failure to provide meal breaks, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Meal Break Class Members");

Denied reimbursement for expenditures that were necessary to carry out job duties for Defendant (the putative "Unreimbursed Expenses Class Members"); and

Denied all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

96.    Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

97.    Plaintiff also seeks to bring this action as aggrieved employees on behalf of herself and other current former employees pursuant to the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

## VII.    CAUSES OF ACTION

### 1.    First Claim for Relief – Violation of the FLSA

98.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

99.    The foregoing conduct, as alleged violated the FLSA.

100.    Plaintiff and the putative Collective Action were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

101.    Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

102.    Defendant failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

- 22 -                    Case No.
Original Complaint

103.    Accordingly, Plaintiff and the putative Collective Action are entitled to the full statutory minimum wages set forth in 29 U.S.C. § and 207.

104.    Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

105.    Plaintiff seeks all damages to which she is entitled under the FLSA, including her back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.    Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

106.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

107.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

108.    Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

Case No.

Original Complaint

109.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

b.    California Labor Code § 1194, which provides in pertinent part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

c.    California Labor Code §§ 201-203, and 226;

d.    California Labor Code § 1174; and

e.    California Labor Code § 510, which provides in relevant part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

110.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

Case No.
Original Complaint

111.    The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned wages.

112.    Plaintiff, on behalf of herself and the putative California Class, seeks restitution in the amount of the respective overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

113.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

**3.    Third Claim for Relief – California Overtime Violations, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194**

114.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

115.    California law requires an employer to pay overtime compensation to all non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

Original Complaint

116.    California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all members of the putative California Off-the-Clock Class where they provide greater protections to workers. 29 U.S.C. § 218(a).

117.    Throughout the time period relevant to this claim for relief, Plaintiff and the putative California Off-the-Clock Class worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and the putative California Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

118.    Defendant's policy or practice of requiring Plaintiff and the putative California Off-the-Clock Class to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these overtime wage provisions.

119.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Off-the-Clock Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**4.      Fourth Claim for Relief – Failure to Reimburse for Necessary Expenditures; Cal. Labor Code § 2802**

120.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

121.    At all times material to this Complaint, Defendant required Plaintiff and the California Class Members to provide their own office supplies and equipment throughout the

course and scope of their employment. Defendant did not reimburse Plaintiff and the California Class Members for the use of their cell phones, data plans, internet connections, email/domain fees, etc.; nor for the purchase of paper, printers, ink, office supplies, postage, envelopes, and other expenses that benefited Defendant, all of which were required to perform their jobs. Plaintiff incurred an estimated $70.00 per week on the aforementioned expenses which were not reimbursed.

122.    At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

123.    As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the Class Members sustained actual and pecuniary damages.

124.    Plaintiff and the California Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

125.    Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiff and the California Class Members are entitled to said interest.

**5.      Fifth Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5**

126.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

Case No.
Original Complaint

127.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the putative California Off-the-Clock Class Members in accordance with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to Plaintiff and the putative California Off-the-Clock Class Members by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and the putative California Off-the-Clock Class Members as required under California Labor Code § 1174(d).

128.     Plaintiff and the putative California Off-the-Clock Class Members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(e) & 1174(d), and further seek the amount provided under Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### 6.     Sixth Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203

129.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

130.     California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue

to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

131.    Plaintiff and the putative California § 203 Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

132.    More than thirty days have passed since Plaintiff and the putative California § 203 Class Members left Defendant's employ.

133.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California § 203 Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### 7.    Seventh Claim for Relief – California Meal and Rest Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512

134.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

135.    Plaintiff and the putative California Meal Break Class Members routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

136.    Defendant did not pay the mandatory penalty when it failed to relieve Plaintiff and the putative California Meal Break Class Members of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

Case No.
Original Complaint

137.    As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the putative California Meal Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

138.    In the event Plaintiff and the putative California Meal Break Class Members are successful in prosecuting this claim, they are entitled to an award of reasonable attorney's fees and costs pursuant to California Labor Code § 218.5.

## 8.    [RESERVED CLAIM FOR RELIEF] - Eight Claim for Relief – California PAGA Claims Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 2698-2699.5

139.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

140.    [RESERVED] Under the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

141.    [RESERVED] Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the putative California Class, failure to reimburse expenses necessary to perform their job duties, failure to keep and furnish them with records

of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

142.    [RESERVED] Plaintiff alleges, on behalf of herself and the putative California Class, as well as the general public, that Defendant has violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5, 1182.11, 1182.12, 1194, 1771, 1774 and 2802. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

143.    [RESERVED] Plaintiff is also entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a), for Defendant's violations of the California Labor Code and relevant IWC Wage Order(s) for which violations a civil penalty is already specifically provided by law. Further, Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to § 2699(f) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

144.    On July 23, 2021, Plaintiff provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. Plaintiff awaits a response from the LWDA with regard to whether it will investigate the actions in the

aforementioned written notice. Accordingly, Plaintiff has taken necessary steps to exhaust her administrative remedies, and will amend her pleadings in connection with such exhaustion.

145.    [RESERVED] Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order(s) that are alleged in this Complaint.

## VIII.  JURY DEMAND

146.    Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which they and the putative Collective and California Class Action Members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

147.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective and Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

    b.    An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

    c.    Designation of Plaintiff Patricia Bobbs as a Representative of the California Class Action Members;

    d.    Designation of attorneys Ricardo J. Prieto and Melinda Arbuckle of Shellist Lazarz Slobin, LLP, as Class Counsel for the Nationwide FLSA Collective Action and the California Class Action Members;

    e.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;

f.    An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.    An award of damages including all unpaid overtime compensation for all hours worked over forty in a workweek, or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek;

h.    Appropriate statutory penalties;

i.    Costs of action incurred herein, including expert fees;

j.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.    Pre-judgment and post-judgment interest, as provided by law;

l.    Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: July 23, 2021

Case No.

Original Complaint

Respectfully submitted,

By:    s/Melinda Arbuckle
        Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

Case No.
Original Complaint